

**ECKERT SEAMANS**
ATTORNEYS AT LAW

Eckert Seamans Cherin & Mellott, LLC    TEL: 914 949 2909
10 Bank Street                           FAX: 914 949 5424
Suite 700
White Plains, NY 10606

Christopher F. Graham
Direct Dial: 914 286 6443
cgraham@eckertseamans.com

November 30, 2015

*VIA E-MAIL*

James A. Wright III
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600

      Re:    *In re Doral Properties, Inc.* Chapter 11 Case No. 15-13160
              UMB Bank, N.A., as Indenture Trustee
              Industrial Revenue Bonds, 1999 Series A (Doral Financial Center
              <u>Project) Revised Notice Regarding Use of Cash Collateral</u>

Dear James:

      As you know, I represent UMB Bank, N.A., as Indenture Trustee ("<u>UMB</u>"), with respect to those certain Industrial Revenue Bonds, 1999 Series A (Doral Financial Center Project) and the amounts owed with respect thereto by Doral Properties, Inc., and Doral Financial Corporation (collectively, "<u>Doral Properties</u>").

      Specifically, Doral Properties, and the Puerto Rico Industrial, Tourist, Educational, Medical and Environmental Control Facilities Financing Authority ("<u>AFICA</u>") are parties to a Loan and Guaranty Agreement, dated November 3, 1999 (the "<u>Loan Agreement</u>"). AFICA and UMB are parties to a related Trust Agreement, dated November 3, 1999 (the "<u>Trust Agreement</u>"). Doral Properties, AFICA, and the UMB are also parties to a Pledge and Security Agreement, dated November 3, 1999 (the "<u>Pledge and Security Agreement</u>"). AFICA's rights under the Loan Agreement and the Pledge and Security Agreement have been assigned to UMB under the terms of those documents.

      Pursuant to the Pledge and Security Agreement, a Deed of Constitution of First Mortgage, dated November 3, 1999 (the "<u>Mortgage</u>"), and a note issued thereunder (the "<u>Mortgage Note</u>", and together with the Mortgage, the Pledge and Security Agreement, and the Loan Agreement, the "<u>Loan Documents</u>"), UMB has claims against Doral Properties and Doral Properties has granted valid, binding, perfected and enforceable first priority liens upon and security interests in (the "<u>Prepetition Liens</u>") the land, building, structures, and related assets located at 1451 FDR Avenue, San Juan, Puerto Rico (the "<u>Property</u>"), including Doral Properties' rights as landlord and other cash flows related to such assets (collectively, the "<u>Prepetition Collateral</u>").



**ATTORNEYS AT LAW**

James A. Wright III<br>
Ropes & Gray LLP<br>
November 30, 2015<br>
Page 2

    Expressly, with respect to rents and cash, the Mortgage contains an assignment of rents and provides, in pertinent part, that:

> collateral under the Mortgage includes all of Doral Properties rights, title and interest (but none of the obligations) as landlord, whether named as such therein or by assignment or otherwise, to receive payments of money under leases or similar agreements of all or part of the Property or of space therein ... including without limitation all rests, additional rents, revenues, earnings,, profits and income, payments incident to any assignment, sublease or surrender of any lease, claims for forfeited deposits and claims for damages, now due or hereafter to become due with respect to any such lease or similar agreement.

(the "Assignment of Rents").

    Accordingly, all cash proceeds of the Prepetition Collateral, including all such cash proceeds held in any of the Doral Properties' deposit accounts with financial institutions, are UMB's cash collateral within the meaning of Bankruptcy Code section 363(a) (the "Cash Collateral").

    Please be advised that UMB does not consent to Doral Properties' use of the Cash Collateral and, accordingly, Doral Properties may not use the Cash Collateral under 11 U.S.C. § 363(c)(2)(A), except that UMB does consent to the use by Doral Properties of not more than $129,000.00 in accordance with the Revised Budget dated November 25, 2015

    To the extent that Doral Properties has not already segregated UMB's Cash Collateral, UMB hereby demands that Doral Properties segregate and account for all Cash Collateral in its possession, custody or control, as required by 11 U.S.C. § 363(c)(4).

    Should you have any questions or require additional information, please do not hesitate to contact the undersigned. Thank you.

Very truly yours,<br><br>
Christopher F. Graham<br><br>
<em>Counsel for UMB Bank, N.A., as Indenture Trustee</em>

cc:    Clerk of the Bankruptcy
       Court for the Southern District of New York (*Via ECF*)